IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jaquell Antonio McCullum, | ) | C/A No.: 1:15-1719-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Officer Aaron Smith; Sgt. Freddie Piage; Cpt. Joyce Brunson; and Maj. Mike Norris, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

    Jaquell Antonio McCullum ("Plaintiff"), proceeding pro se and in forma pauperis, is a pretrial detainee incarcerated at Florence County Detention Center ("FCDC"). He filed this action pursuant to 42 U.S.C. § 1983 against FCDC officers Aaron Smith, Sgt. Freddie Piage, Captain Joyce Brunson, and Major Mike Norris (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

    Plaintiff alleges that his room was raided at 2:00 a.m. on March 13, 2015, and he was handcuffed and placed in maximum lockdown. [ECF No. 1 at 3]. Plaintiff contends that his room was searched twice earlier this same day. *Id.* Plaintiff claims that he was stripped to his boxers and placed in a room that was at least 40° F or lower in

temperature. *Id.* Plaintiff states that he was then informed by Piage that he "wouldn't be 'drinkin no wine' [] and that there was no wino's in the Florence County Detention Center." *Id.* Plaintiff claims that he did not know what was going on until Smith asked him to sign a "write up slip" and he learned that he was charged with possession of contraband. *Id.* Plaintiff argues that there was no contraband found in his room or in his possession. *Id.* Plaintiff alleges that this false information was written by Smith and signed by shift supervisor Piage. *Id.* Plaintiff states that he filed a grievance in March and has not yet received a response. *Id.* Plaintiff claims that he was found not guilty after seven days in lockdown and "was told that [Smith] found wine in the clean up closet ac[]ross the dorm." *Id.* Plaintiff states that he was also informed that "someone gave [Smith] a request form stating that the wine in the clean up closet was [Plaintiff's]." *Id.* at 3–4. Plaintiff alleges that "this matter was not investigated" and he was placed in lockdown in error. *Id.* at 4. Plaintiff seeks injunctive relief and monetary damages. *Id.* at 5.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint

lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### B. Analysis

#### 1. Cruel and Unusual Punishment

Plaintiff claims that he was subjected to cruel and unusual punishment. [ECF No. 1 at 2]. Conditions of confinement of pretrial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 537

n.16 (1979); *see also Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). However, the standard for reviewing a Fourteenth Amendment due process claims is essentially the same as that for a convicted prisoner under the Eighth Amendment. *See Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). To establish that a particular condition or restriction of detention constitutes constitutionally impermissible "punishment" a detainee must show either 1) an "expressed intent" to punish or 2) a lack of a reasonable relationship "to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (citing *Bell v. Wolfish*, 441 U.S. at 538–40). In determining whether the challenged conditions amount to punishment, it is not the province of this court to determine how a particular prison might be better operated; the expertise of prison officials must be given due deference. *See Sandin v. Conner*, 515 U.S. 472, 482–83 (1995). Only conditions that "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To establish the imposition of cruel and unusual punishment, a plaintiff must prove two elements—that he suffered deprivation of a basic human need that was "objectively sufficiently serious," and that "subjectively [defendants] acted with a sufficiently culpable state of mind." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (citation omitted).

Plaintiff provides insufficient facts to demonstrate that Defendants deprived him of any basic human need. Moreover, Plaintiff has failed to allege or demonstrate any serious physical or mental injury resulting from the conditions of which he complains.

4

*See Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993) ("If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the [Eighth] Amendment."). Accordingly, Plaintiff's cruel and unusual punishment claims should be summarily dismissed.

      2.      Discrimination

Plaintiff also alleges a discrimination claim. [ECF No. 1 at 2]. "The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (internal quotation marks and alteration omitted). Thus, the Supreme Court has recognized the validity of "class of one" equal protection claims "where the plaintiff alleges that she [or he] has been intentionally treated differently from others similarly-situated and that there is no rational basis for the difference in treatment." *Id.*; *see also Willis v. Town of Marshall, North Carolina*, 426 F.3d 251, 263 (4th Cir. 2005). The instant complaint provides no facts to demonstrate that Defendants intentionally treated Plaintiff differently from other similarly situated detainees. It is recommended that Plaintiff's equal protection claim be summarily dismissed.

      3.      Misuse of Authority

To the extent Plaintiff argues that Defendants' investigation was inadequate, the allegations are insufficient to state a constitutional claim. *Goodwyn v. Kincheloe,* 803

5

F.2d 713 (4th Cir. 1986) (holding that a police officer's negligent investigation does not rise to the level necessary to state a claim under § 1983); *Carter v. Bone*, C/A No. 3:09-779-CMC-JRM, 2010 WL 558598, *6 (D.S.C. Feb. 10, 2010) (finding that there is no cause of action for negligent investigation under § 1983). Further, Plaintiff's claims associated with his placement into maximum lockdown are also subject to summary dismissal. A prisoner has no constitutional right to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994). Cases previously decided in this district make it clear that South Carolina law confers no protected liberty interest upon state inmates regarding prison classification. *See Keeler v. Pea*, 782 F. Supp. 42, 43–44 (D.S.C. 1992) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)); *see also Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978).[1]

    4.    Grievance

Plaintiff's allegation that Defendants did not timely respond to his grievance fails to state a cognizable claim under § 1983. [ECF No. 1 at 4]. A prisoner has no constitutional right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not

---

[1] Plaintiff's claim that Piage verbally abused him fails to set forth a claim of constitutional magnitude. *Ajaj v. United States*, 479 F. Supp. 2d 501, 538 n.16 (D.S.C. 2007); *Wilson v. McKeller,* 254 F. App'x 960, 961 (4th Cir. 2007) (finding that verbal assault, standing alone, is not a cognizable injury in a 1983 civil rights action). To the extent Plaintiff seeks to bring verbal abuse claims, they are subject to summary dismissal.

actionable under § 1983."). Accordingly, Plaintiff's grievance claim is subject to summary dismissal.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

May 21, 2014                                                Shiva V. Hodges
Columbia, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).